MEMORANDUM DECISION
Relator, Joseph R. Stanfar, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying his application for permanent total disability ("PTD") compensation and to issue an order granting such compensation.
This matter was referred to a court-appointed magistrate, pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth Appellate District. The magistrate has filed a decision, based upon findings of fact and conclusions of law, and has recommended that this court deny the requested writ of mandamus. Relator has filed objections to the decision of the magistrate.
Upon examination of the magistrate's decision and an independent review of the file, this court adopts the findings of fact and conclusions of law of the magistrate. For the reasons hereinafter stated, relator's objections to the magistrate's decision and recommendation will be overruled. Relator's claims have been allowed for three separate conditions:
 Coronary atherosclerosis of unspecified type of vessel, native or graft; acute myocardial infarction of inferoposterior wall, subsequent episode of care. Pulmonary congestion and hypostasis, left;
 Bruised left thigh, knee, arm, elbow, wrist and fingers. Aggravation of pre-existing arthritis of the cervical spine; aggravation of strain of the cervical spine; strain left shoulder with left shoulder bursitis; and
 Torn ligaments right knee, sprain/strain right knee, medial collateral.
Relator filed his application seeking PTD compensation, which was denied by the commission's staff hearing officer ("SHO"), leading to the present action in mandamus. The SHO specifically relied upon the medical reports of Drs. Raghavan, Cropp and Harris, with respect to relator's orthopedic, pulmonary, and coronary conditions. These doctors assessed impairment for each condition individually. Dr. Raghavan opined that relator had a seven percent whole person impairment based upon his orthopedic conditions. Dr. Cropp opined that relator had a twenty percent impairment of the whole person based upon his pulmonary conditions. The most serious condition suffered by relator was expressed in his cardiological limitations, assessed by Dr. Harris at forty percent impairment of the whole person. Dr. Harris further opined that relator could perform only the most sedentary type of work activity, and his occupational activity assessment concluded that relator could sit between three and five hours a day, stand and walk up to three hours a day, could not lift or carry any weight, nor push, pull, or otherwise move any weight. Dr. Harris' occupational assessment further stated that relator could not climb stairs or ladders, could only occasionally use foot controls, could not crouch, stoop, bend or kneel; could seize, hold, grasp or turn occasionally; and could not reach overhead or at knee or floor level but could occasionally reach at waist level.
The SHO further relied upon a vocational report prepared by Beal Lowe, Ph.D. This report concluded that relator, could, within the restrictions imposed by Drs. Raghavan, Cropp and Harris, immediately perform certain specified occupations: "cashiers; credit checker; receptionist and information clerks; guards and watch guards; general office clerks and personnel clerks.
The magistrate's decision concludes that the commission was within its discretion in concluding that there were some sedentary jobs available for which relator would be qualified within the medical restrictions assessed. The magistrate also concluded that the commission's order adequately addressed the non-medical factors pertinent to relator's claim under State exrel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, based upon the commission's assessment of relator's work history, age, and education.
Relator objects only to the definition of sedentary work contained in the magistrate's decision. The magistrate relied upon Ohio Adm. Code 4121-3-34(B)(2), which defines sedentary work:
 "Sedentary work" means exerting up to ten pounds of force occasionally (occasionally: activity or condition exists up to one-third of the time) and/or a negligible amount of force frequently (frequently: activity or condition exists from one-third to two-thirds of the time) to lift, carry, push, pull, or otherwise move objects. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met.
Relator points out that Dr. Harris' report concludes that relator is incapable of lifting any amount of weight or exerting any force, in direct contradiction to the Ohio Administrative Code definition of sedentary work. The magistrate concluded that the definition of sedentary work under Ohio Adm. Code 4121-3-34(B)(2)(a) sets only the upper limit of exertion level at which employment will be defined as sedentary. The magistrate noted that not all sedentary jobs will require this upper most exertional level, as exemplified in the list of jobs proposed for relator by Dr. Lowe's vocational report, which the commission found to comport with the medical limitations imposed upon relator. In light of the available job classifications for which relator has been found vocationally qualified, we decline to accept relator's contention that a claimant who could not perform the range of tasks described in the general description of sedentary work under Ohio Adm. Code 4121.30-34(B)(2)(a) and is therefore automatically and inescapably incapable of sustained remunerative employment even if job categories are suggested by vocational specialists which a claimant can be medically capable of performing.
In so concluding, we distinguish the present case from our prior decision in State ex rel. Libecap v. Indus. Comm. (Sept. 5, 1996), Franklin App. No. 96APD01-229, unreported (1996 Opinions 3519) affirmed, State ex rel. Libecap v. Indus. Comm. (1998),83 Ohio St.3d 178. In Libecap, we held that the Industrial Commission's finding that the claimant was capable of sedentary work did not comport with the medical evidence before the commission, which found that relator was incapable of sitting more than thirty minutes, in contrast to the language in Ohio Adm. Code4121-3-34(B)(2)(a) stating that sedentary work would involve sitting most of the time. In Libecap, we were not presented with a list of job occupations for which the claimant was suited, and thus the only comparison which could be made was between the general definition of sedentary work, and the medical evidence before the commission. Clearly, this is not the case before us, and Libecap must be distinguished.
Accordingly, we find that the magistrate's definition of sedentary work in relation to relator's ability to undertake sustained remunerative employment is not inconsistent with the medical evidence in the present case. Relator's objection to the magistrate's decision is therefore overruled and the requested writ of mandamus is denied.
Objections overruled; writ denied.
BROWN and KENNEDY, JJ., concur.